2007 OK 49

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Donald A. FLASCH, Respondent.**

**No. SCBD–5292.**

Supreme Court of Oklahoma.

June 12, 2007.

---

¶ 0 **ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

¶ 1 Upon consideration of the complainant Oklahoma Bar Association's application for an order approving the resignation pending disciplinary proceedings of the respondent, Donald A. Flasch, **THE COURT FINDS:**

1. Donald A. Flasch, OBA # 2969, was admitted to the Oklahoma Bar Association on April 4, 1967. His official roster address as shown by the Oklahoma Bar Association, is 4444 E. 66th St. Annex C, Tulsa, OK 74136.

2. On May 17, 2007, the Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

3. The Respondent's affidavit states that he is freely and voluntarily tendering his resignation, that he is not being subjected to coercion or duress and that he is fully aware of the consequences of submitting his resignation pending disciplinary proceedings.

4. The Respondent states in the affidavit that he is aware of a formal complaint pending against him with this Court alleging violations of Rules 1.1, 1.2, 1.3, 1.4, 1.15, 1.16, 3.2 and 8.4(c) of the Oklahoma Rules of Professional Conduct, and that a disciplinary hearing on the matter was scheduled for May 22, 2007.

5. The complaint is attached to the affidavit and reflects four counts of misconduct, each of which also includes respondent's failure to communicate with the clients and failure to respond to the grievances or to the complainant:

Count I: Two grievances filed by Carl Roberts on August 20, 2005 and December 14, 2006 concerning respondent's mishandling of Case. No. 04–CV932H in the U.S. District Court for the Northern District of Oklahoma, styled *Roberts v. Warren,* wherein respondent failed to respond to orders of the court with the result that Mr. Robert's case was twice dismissed.

Count II—Grievance filed June 27, 2006 by David Shoemaker, who paid respondent $600.00 for a bankruptcy that was never filed. The respondent never repaid the money, even though he had agreed to do so.

Count III—Grievance filed by Brenda Ogans on December 6, 2006 after paying Respondent an additional fee of $250.00 to reopen a bankruptcy proceeding in order to remove two liens that were not disposed of in the original proceeding. Respondent never reopened the proceeding.

Count IV—Grievance filed October 13, 2006 by Ronald Seymore as a result of Respondent's failure to file a petition and letters of administration after being paid $300.00 to do so. Respondent failed to refund the client's money.

6. The allegations in the complaint have been deemed admitted because respondent failed to file a response to the complaint as required by Rule 6.4, Rules Governing Disciplinary Proceedings. Respondent acknowledges that the allegations against him would, if proven, constitute violations of the rules of professional conduct set out in paragraph 4 and also his oath as an attorney and he has voluntarily waived any and all right to contest them.

7. Respondent states that he has familiarized himself with and has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

8. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five (5) years from the effective date of this Order and that he may be reinstated to the practice of law only upon full compliance with Rule 11, Rules Governing Disciplinary Proceedings and any other rules that may apply to such reinstatement.

9. Respondent acknowledges that the Client Security Fund may receive claims from his former clients and he agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10. The respondent has agreed to reimburse costs in the amount of $413.50 incurred by the complainant in the investigation of this matter.

11. The resignation pending disciplinary proceedings executed by the respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A and should be approved.

¶2 **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT** complainant's application and respondent's resignation pending disciplinary proceedings are approved.

■ ¶3 **IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Donald A. Flasch's name be stricken from the roll of attorneys, and because resignation pending disciplinary proceedings is tantamount to disbarment, he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date of this Order. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of reinstatement. The respondent shall comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A, within twenty (20) days of the date of his resignation.

¶4 **IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** the respondent pay the costs of the Oklahoma Bar Association incurred in investigation of this matter, in the amount of $413.50, within thirty (30) days of the date of this Order.

ALL JUSTICES CONCUR.